**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TOMMY MOSLEY,
ADC #85548                                                                                                    PLAINTIFF

V.                                        CASE NO. 5:15-CV-337-DPM-BD

CORRECTIONAL CARE SOLUTIONS, et al.                                     DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Background**

Tommy Mosley, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that he is required to share electric razors with other inmates who have contagious diseases.  He specifically states that he has been forced to share a razor with an inmate who is HIV positive.  Mr. Mosley also alleges that

Correctional Care Solutions has failed to notify ADC staff members that specific inmates carry certain infectious diseases, allowing the diseases to spread further.

After reviewing Mr. Mosley's allegations, the Court determined that he had stated eighth amendment claims against Correctional Care Solutions, Wendy Kelley and Danny Burl. (#6) Defendants Kelley and Burl ("ADC Defendants") moved for summary judgment, contending that Mr. Mosley did not fully exhaust his administrative remedies against them. (#14) The Court granted the ADC Defendants' motion and dismissed the ADC Defendants, without prejudice. (#52)

Separate Defendant Correctional Care Solutions (CCS) has now moved for summary judgment, contending that Mr. Mosley did not exhaust his administrative remedies against it. Mr. Mosley has responded to the motion. (#36, #43, #44, #45)

**III.   Discussion**

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss any claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Neither the inmate's

subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In its motion, CCS incorporates by reference the ADC Defendants' motion for summary judgment and the accompanying papers. (#36) One of those papers is the affidavit of Barbara Williams, the ADC inmate grievance supervisor, who testifies that Mr. Mosley submitted only one grievance regarding the issues raised in this lawsuit, grievance MX-15-2729. (#14-3 at p.2) In her affidavit, Ms. Williams states that Mr. Mosley did not complete the appeal process in grievance MX-15-2729 until November 20, 2015, nearly a month after he filed this lawsuit. (*Id*.)

In his response, Mr. Mosley argues that while he was housed at the Cummins Unit of the ADC in 2006, he fully exhausted many grievances regarding the ADC's grooming policy and its failure to establish procedures to prevent the spread of contagious diseases. While this may be true, Mr. Mosley cannot rely on old grievances to support the claims raised in this lawsuit. First, the old grievances relate to Mr. Mosley's conditions of confinement at the Cummins Unit rather than at the Varner Unit. Moreover, grievances submitted nearly ten years ago would not provide Defendant CCS with fair notice of his current complaints or the opportunity to resolve those complaints.

Mr. Mosley also argues that the three-year statute of limitations applicable to

3

§ 1983 cases does not apply to grievances.  It is true that the statute of limitations applies to lawsuits, not to grievances, but that fact does not help Mr. Mosley's cause.  In this case, the statute of limitations bars Mr. Mosley from bringing any claims under § 1983 if the claims arose more than three years before October 21, 2015, the date he filed the complaint in this case.  This bar applies regardless of when or whether grievances were filed.

A different statute, the PLRA, bars Mr. Mosley from filing any claim brought under § 1983 unless that claim was fully exhausted in compliance with the grievance procedures set out by the ADC.  The ADC's grievance procedure requires that inmates file grievances "within 15 days after the occurrence of the incident" to be considered timely.  (#14-1 at p.5; #14-2 at p.5)

Mr. Mosley argues that CCS prohibited him from proceeding to step two of the grievance process because CCS personnel failed to return his informal resolution to him.  Unfortunately for Mr. Mosley, this explanation cannot save his complaint.  The ADC grievance procedure specifically provides that an inmate may proceed to step two of the grievance procedure if the inmate does not receive a response to his unit level grievance within three working days.  (#14-1 at p.7; #14-2 at pp.7-8)  Thus, Mr. Mosley could have completed the grievance process even without the return of his informal grievance.

Next, Mr. Mosley argues that, because he is complaining about a widespread custom and does not complain about an isolated incident, he is exempt from the PLRA

4

requirements.  The Court is not aware of any exception to the PLRA's exhaustion requirement for allegations of widespread custom.  That point is unavailing.

Finally, Mr. Mosley posits that, because he faced imminent danger of serious bodily injury, he should be exempt from exhausting administrative remedies.  The PLRA does not include an exception to the exhaustion requirement for those alleging imminent danger.  *McAlphin v. Toney*, 375 F.3d 753, 754 (8th Cir. 2004).

Based on the undisputed evidence, Mr. Mosley did not fully exhaust his administrative remedies against CCS.  For that reason, this Defendant's motion for summary judgment should be granted.

## IV.    Conclusion

The Court recommends that CCS's motion (#36) be GRANTED.  Mr. Mosley's claims against CCS should be DISMISSED, without prejudice, based on a failure to exhaust administrative remedies.  Mr. Mosley's motion for summary judgment and his motion to certify a class action (#34) should be DENIED, as moot.

DATED this 11th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE